UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DARRELL MORRIS : | |
| *Plaintiff* : | CV: |
| : | |
| V. : | |
| : | |
| YALE UNIVERSITY : | |
| SCHOOL of MEDICINE : | |
| *Defendant.* : | MAY 26, 2005 |

# C O M P L A I N T

I. **PRELIMINARY STATEMENT**

1. Count One is an action pursuant to the Civil Rights Act of 1866 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States.

2. Count Two is an action to redress the defendant's Breach of Contract.

3. Count Three is an action to redress the defendant's Negligent Misrepresentations.

4. Count Four is an action to redress the defendant's Breach of the Covenant of Good Faith and Fair Dealings.

5. Count Five is an action to redress the defendant's breach of the doctrine of Promissory Estoppel.

II. **JURISDICTION**

6. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and §§ 1981 and 1988 of Title 42 of the United States Code.

7. Jurisdiction of this court is invoked pursuant to the Court's supplementary jurisdiction over state court actions. These causes of action arise out of the same essential facts as the federal action.

III. **PARTIES**

8. During all times mentioned in this action, the plaintiff, Darrell Morris, was and remains an African American adult citizen of the United States, who was enrolled as a student at Yale School of Medicine in New Haven, Connecticut.

9. During all times mentioned in this action, Yale University School of Medicine, was and remains, an educational institution teaching medicine and having it's principal place of business in New Haven, Connecticut.

## IV. STATEMENT OF CLAIMS

### COUNT I: 42 USC § 1981

10. The plaintiff is an African American medical student who began his matriculation with the defendant in 2000.

11. At the time of the plaintiff's enrollment the defendant maintained a student handbook memorializing the policies, procedures and rules governing student requirements.

12. One such requirement was and is the taking and passing of Step I of the United State's Medical Licensing Examination ("USMLE") administered by the National Board of Medical Examiners ("NBME").

13. According to the student handbook, students are allowed three (3) opportunities to pass said examination.

14. Students are expected to pass all USMLE within a six (6) year period.

15. By 2003, the plaintiff had successfully completed and passed the Basic Science courses required by the defendant.

16. In October 2003, after only two (2) unsuccessful attempts at passing Step I of the USMLE, the defendant informed the plaintiff that he was being dismissed from the school.

17. The plaintiff appealed this decision and prevailed, as the Dean of Student Affairs had not properly informed the plaintiff that failure of the second attempt would result in his dismissal.
18. The plaintiff then enrolled in two review courses for the purpose of preparing for the examination.
19. As a rule, medical schools are not involved in setting the testing dates for the USMLE; Students establish testing dates directly with the NBME.
20. The plaintiff initially set a testing date of June 30, 2004 to take the examination for the third time.
21. The plaintiff requested a thirty (30) day extension of the NBME until July 30, 2004 to take the examination.
22. Upon notification that the plaintiff did not take the examination on June 30, 2004, the defendant again dismissed the plaintiff.
23. In March of 2005, the plaintiff took and successfully passed Step I of the USMLE on his third attempt.
24. The plaintiff promptly notified the defendant with the hope of returning to the school, as the plaintiff had passed the examination within 3 attempts.

25. The student handbook, which operates as a contract, indicates that students will have 3 opportunities to pass the examination before dismissal.

26. Despite the plaintiff's passing the examination within 3 attempts, the defendant maintained the plaintiff's dismissal.

27. Despite the representations made in the student handbook, the plaintiff was not allowed to take the examination 3 times before dismissal.

28. Other similarly situated Caucasian students have been allowed to take Step I of the USMLE 3 times before dismissal.

29. Other similarly situated Caucasian students who have requested an extension of time to take the USMLE have not been dismissed for the same.

30. Other similarly situated Caucasian students have not been dismissed after failing the examination twice.

31. The defendant through the aforementioned behavior, interfered with the right of the plaintiff to make and enforce contracts and to enjoy the full and equal benefit of the laws.

32. In the manner described above, the defendant has violated rights secured to the plaintiff by the Civil Rights Act of 1866 as amended by the Civil Rights Act of 1991, 42 USC Section 1981.

## COUNT TWO: BREACH OF CONTRACT

**Paragraphs 1-32 of Count One are hereby made paragraphs 1-32 of Count Two.**

33. Through the above course of action and the student handbook, the parties established a sequence of previous acts and conduct which is fairly regarded as establishing a common basis of understanding.

34. Through the above actions, promises, representations, and prior dealings the parties established a contract.

35. The defendant has breached that contract.

## COUNT THREE: NEGLIGENT MISREPRESENTATION

**Paragraphs 1 to 35 of Count Two are hereby made Paragraphs 1 to 35 of Count Three.**

36. The defendant failed to exercise reasonable care in informing the plaintiff that he could take the examination on three (3) occasions.

37. The plaintiff relied on the defendant's representations to his detriment.

38. The plaintiff has suffered damages as a result of his reliance.

## COUNT FOUR: BREACH OF THE COVENANT OF

## GOOD FAITH AND FAIR DEALINGS

**Paragraphs 1 to 38 of Count Three are hereby made Paragraphs 1 to 38 of Count Four.**

39. In the alternative, there existed a covenant between the parties.

40. Their existed a covenant of good faith and fair dealing that neither party would do anything to injure the right of the other party to enjoy the benefits of the covenant.

41. The defendant breached said covenant.

42. The defendant's breach was motivated by bad faith.

43. The plaintiff suffered damages.

## COUNT FIVE: PROMISSORY ESTOPPEL

**Paragraphs 1 to 43 of Count Four are hereby made Paragraphs 1 to 43 of Count Five.**

44. Notwithstanding the existence of a contract, clear and definite promises by the defendant were made which induced reliance by the plaintiff.

45. The defendant had reason to expect that the plaintiff would rely on those promises.

46. The plaintiff, in fact, relied to his detriment on the promises as the promises induced action by the plaintiff.

47. The plaintiff suffered damages as the result of his reliance

48. By and through the defendant's promises, the plaintiff was induced to make significant changes in his life.

**WHEREFORE,** the plaintiff claims judgment against the defendant, as follows:

    A. Compensatory damages in an amount this Court shall consider to be just, reasonable and fair;

    B. Reinstatement to complete remaining clerkships and other requirements for graduation;

    C. Punitive damages in an amount this Court shall consider to be just, reasonable and fair;

    D. Attorney fees and the costs of this action pursuant to 42 USC § 1988;

E.  Such other relief as this Court shall consider to be fair and equitable.

**CLAIM FOR JURY TRIAL**

The plaintiff claims trial by jury of all issues in this case.

THE PLAINTIFF


BY_____
DAWNE WESTBROOK
Federal Bar No. ct21987
PO BOX 2502
Middletown,` ~ CT 06457
860 344 9716
FAX:  860 346 1028
justice@dawnewestbrooklaw.com
His Attorney

9